IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSE STOTTLEMYRE,<br><br>     Plaintiff,<br><br>v.<br><br>SUNFLOWER ELECTRIC<br>POWER CORPORATION,<br><br>     Defendant,<br><br>v.<br><br>PIPING AND EQUIPMENT CO., INC.,<br><br>     Third-Party<br>     Defendant. | Case No. 12-CV-2443-CM/JPO |

## **STIPULATED PROTECTIVE ORDER WITH CLAWBACK PROVISION**

NOW, the above-captioned matter comes regularly before the Court for the entry of a Stipulated Protective Order with Clawback Provision, agreed to pursuant to Fed. R. Civ. P. 26(c). Plaintiff Jesse Stottlemyre appears by and through his counsel Matthew Meyerkord and Brian Russell of Meyerkord & Russell. Defendant Sunflower Electric Power Corporation appears by and through its counsel James M. McVay of Watkins Calcara Chtd. Third-Party Defendant Piping and Equipment Co., Inc. appears by and through its counsel John P. Woolf and Tyler E. Heffron of Triplett, Woolf & Garretson, LLC. There are no other appearances.

WHEREAS, it is understood by counsel for the parties to this action that certain documents, testimony, and other information requested to be disclosed or produced, and that may thereafter be disclosed or produced, in this litigation may contain trade secrets, commercial

#393816                  1

contracts, labor rates, commercial pricing information, proprietary information, confidential industry information, private personal information, private personnel/employment information, sensitive financial or insurability information, or other confidential commercial information, as well as other information protected from disclosure by applicable law.

WHEREAS, and by virtue of direction and instruction from the Court, the parties desire to establish and memorialize a procedure for the handling of inadvertently disclosed information subject to privilege or confidentiality in accordance with F.R.C.P. 26(b)(5).

Accordingly, and to preserve the confidentiality of such documents and information, pursuant to Fed. R. Civ. P. 26(c), it is stipulated by the parties and ordered by the Court as follows:

1.      <u>Designation of Information as Confidential.</u>

Information may be designated as "CONFIDENTIAL" or "Confidential/Subject to Protective Order" if the designating party in good faith reasonably believes that the information contains trade secrets, commercial contracts, labor rates, commercial pricing information, proprietary information, confidential industry information, private personal information, private personnel/employment information, sensitive financial or insurability information, or other confidential commercial information, as well as other information protected from disclosure by applicable law ("Protected Information"). For purposes of this Protective Order, such Protected Information, designated as "CONFIDENTIAL" or "Confidential/Subject to Protective Order," may consist of any documents and/or data (whether electronic or hard copy) produced or disclosed by any party hereto, any answer provided to any interrogatory or other written response to discovery allowable under the Federal Rules of Civil Procedure, as well as portions of any deposition testimony.

With respect to documents or written responses to discovery requests, such designation shall be made conspicuously by stamping or marking such documents or, where appropriate, the written responses, as "CONFIDENTIAL" or "Confidential/Subject to Protective Order." In the event a party inadvertently produces Protected Information without designating it as confidential, the producing party may subsequently designate it as confidential through a written communication specifying the documents and/or information to be designated. Any such subsequent designation shall be effective from the date received by the recipient party. Further, any recipient party may designate the documents or written responses to discovery requests made by a producing party as "CONFIDENTIAL" or "Confidential/Subject to Protective Order" if falling within the parameters of this Protective Order, through a written communication to all other parties specifying the documents or information to be designated.

With respect to deposition testimony and deposition exhibits, the parties (and deponents) may, within thirty (30) days after receiving a deposition transcript, designate portions of the transcript (and exhibits thereto) that are in good faith reasonably believed to contain Protected Information as "CONFIDENTIAL" or "Confidential/Subject to Protective Order." The parties agree that they may designate as confidential a deposition transcript or portions thereof by identifying the relevant page numbers in writing. The parties further agree that they may designate as confidential exhibits to a deposition by identifying the Bates numbers of the exhibits in writing. Until expiration of the thirty (30) day period, the entire deposition shall be treated as subject to protection against disclosure under this Protective Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits shall be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be maintained or identified separately from the portions and exhibits not so

marked. All documents and written or oral responses so designated as confidential or protected shall be subject to the provisions contained herein.

2. <u>Non-Disclosure of Protected Information.</u>

Except with the prior written consent of the party that produced it, or as otherwise provided under this Protective Order, no Protected Information may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in paragraphs 3 and 4 of this Protective Order. Under no circumstances may Protected Information be used for any purpose other than litigating the above-captioned case (which includes mediation, facilitation, and appeals). These restrictions are not, however, intended to limit a party's ability to disclose its own documents, or to disclose documents obtained outside discovery in this action.

3. <u>Permissible Disclosures.</u>

Protected Information may be disclosed to the following categories of persons consistent with the restrictions contained in paragraph 2 above:

- A. Each party;

- B. Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

- C. The partners, members, shareholders, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

- D. Retained consultants or experts (testimonial and non-testimonial) and employees of said parties directly involved in the prosecution or defense of this litigation;

- E. Persons giving testimony in this litigation. A deponent during the deposition may be shown, and examined about, confidential documents and information. Deponents shall not retain or copy documents not provided by them or the entities they represent, unless they sign or verbally agree on the deposition record to the conditions prescribed in this Protective Order. A deponent who is not a party or a representative of a

party shall be furnished a copy of this Protective Order before his or her deposition.

F. Court officials involved in this litigation;

G. The jury; and

H. Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper after hearing the parties.

Before disclosing Protected Information to any person described in subparagraphs D and E of this paragraph 3, each person shall be provided with a copy of this Protective Order and shall sign an Acknowledgement and Agreement To Be Bound, attached as Attachment A, stating that the person has read and understands this Protective Order and shall be bound hereby. Executed Attachment A shall not be discoverable in the absence of a claim by the party seeking discovery that the opposing litigant has violated the terms of this Protective Order.

4. Challenge of "CONFIDENTIAL" Designation.

In the event counsel for any party, in good faith, disputes the designation of any material as "CONFIDENTIAL," it shall seasonably apply to the Court for a determination as to whether such material is confidential and protected pursuant to this Protective Order. Until a final determination by the Court, any disputed document will be treated as "CONFIDENTIAL" pursuant to this Protective Order.

5. Right to Claim Confidentiality Preserved.

To the extent that parties, their counsel, representatives working on this litigation, or retained consultants or experts must openly attest to or introduce Protected Information into evidence, such use shall not constitute a waiver of the right to claim that such information is confidential, and the Protected Information shall be held in confidence by any persons who have access to this information by virtue of their involvement in this litigation, including, but not limited to, those persons listed in paragraph 3 above.

6. <u>Custody and Safekeeping of Protected Information.</u>

Counsel for parties to which Protected Information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the Protected Information. The duplication of Protected Information shall be limited to what is reasonably necessary for the conduct of this litigation.

7. <u>Non-Termination.</u>

The provisions of this Protective Order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, Protected Information and all copies of same (other than exhibits of record) shall be returned to the party which produced such documents or, at the option of the producer, destroyed. All counsel of record shall make and submit a Certification of Compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation. No copies of such confidential documents or information shall be retained by any experts, consultants, or others.

8. <u>Non-Waiver.</u>

By producing confidential documents and information, a party does not waive any of its objections to relevance. This Protective Order does not constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege, protection, law, or regulation, or to seek appropriate protection respecting documents and information claimed to be subject to such a privilege. Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

9. <u>Clawback Provision.</u>

As it relates to a procedure for the clawback of inadvertently disclosed materials that might be subject to a claim/objection of privilege or work product, the parties agree to follow that procedure set out in Fed.R.Civ.P. 26(b)(5)(B), and agree that if a party inadvertently discloses or produces information, documents or data that is subject to a claim/objection of privilege or work product, it must so notify the receiving party of the inadvertent disclosure and the basis for the claim/objection. After the receiving party is notified, it must then return, sequester, or destroy all information and copies thereof within five (5) business days of its notification and may not use or disclose the information until the claim/objection is resolved, whether by the parties or the Court. Pursuant to Fed.R.Ev. 502(b), the parties hereto agree that the party making a disclosure that it subsequently claims to have been inadvertent, shall not be deemed to have waived any claim/objection of privilege or work product as to the materials inadvertently disclosed or as to this proceeding, subject to any further resolution of the claim/objection by the parties or the Court.

IT IS SO ORDERED THIS 31st day of January, 2013.

    s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

APPROVED:

*/s/Matthew D. Meyerkord*
Matthew D. Meyerkord, Esq.
Brian C. Russell, Esq.
    Meyerkord & Russell
    2103 Swift Ave., Suite 100
    North Kansas City, MO 64116
    (816) 221-7555 business
    (816) 527-8083 fax
    matt@mrlawkc.com
    brian@mrlawkc.com
*Attorneys for Plaintiff*

*/s/ James M. McVay*
James M. McVay, #13046
    Watkins Calcara, Chtd.
    1321 Main – Suite 300
    P.O. Drawer 1110
    Great Bend, Kansas 67530
    (620) 792-8231
*Attorneys for Defendant/Third-Party Plaintiff*


*/s/ Tyler E. Heffron*
John P. Woolf, #06734
Tyler E. Heffron, #22115
    TRIPLETT, WOOLF & GARRETSON, LLC
    2959 N. Rock Road, Suite 300
    Wichita, Kansas 67226
    (316) 630-8100 business
    (316) 630-8101 fax
    theffron@twgfirm.com
    jpwoolf@twgfirm.com
*Attorneys for Third-Party Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSE STOTTLEMYRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Case No. 12-CV-2443-CM/JPO |
| | ) |
| SUNFLOWER ELECTRIC | ) |
| POWER CORPORATION, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| PIPING AND EQUIPMENT CO., INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order and Clawback Provision entered in the above-captioned action, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the U.S. District Court for the District of Kansas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL" or "Confidential/Subject to Protective Order" in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

#393816    1

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____
_____

Date:_____
Signature:_____