UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE STOTTLEMYRE,

                Plaintiff,

v.                                                     Case No. 12-2443-CM

SUNFLOWER ELECTRIC POWER
CORPORATION,

                Defendant,

v.

PIPING AND EQUIPMENT CO., INC.,

                Third-Party
                Defendant.

**<u>ORDER</u>**

The plaintiff is a boilermaker and tube welder for third-party defendant Piping Equipment Co., Inc. ("Piping"). He brings this diversity action against defendant Sunflower Electric Power Corporation ("Sunflower"), alleging Sunflower's negligence caused plaintiff to be injured while he was working at Sunflower's coal-fired electrical power generation facility in Holcomb, Kansas (the "Plant"). Consistent with discussion during the recent pretrial conference following the close of discovery, the matter is presently before the undersigned U.S. Magistrate Judge, James P. O'Hara, on Sunflower and Piping's motions to amend their answers **(ECF docs. 124, 125)**. Specifically, Sunflower and Piping seek to add language to their exclusive-remedy affirmative

defenses to clarify that Sunflower claims to be plaintiff's "statutory employer." Plaintiff opposes the motions, arguing that the proposed amendments are unduly delayed. For the reasons discussed below, the motions are granted.

## I.     Background

In or around January 2012, Sunflower contracted with Piping to provide specialized services on the former's equipment at the Plant. In particular, Piping was hired to change out heavy solid baskets in a horizontal air pre-heater. As an employee of Piping, plaintiff helped change out the baskets in the horizontal pre-heater by tube welding, among other skills. During this process, plaintiff was injured when a basket fell on him.

Plaintiff filed a negligence complaint against Sunflower on July 16, 2012.[1] On September 18, 2012, Sunflower filed its answer.[2] In its answer, Sunflower asserted: "By way of further affirmative defense, the defendant states that the plaintiff's cause of action is barred under the exclusive remedy rule and the principle set forth in *Herrell v. National Beef Packing Company et al,* Supreme Court Case #99,451."[3] That same day, Sunflower filed its third-party complaint against Piping seeking indemnification for the claims and damages sought by plaintiff.[4] On October 23, 2012, Piping filed its answer to

---

[1] ECF doc. 1.

[2] ECF doc. 8.

[3] *Id.* at ¶ 16.

[4] ECF doc. 10.

Sunflower's third-party complaint stating: "To the extent Sunflower suffers any recoverable damage, [Piping] is entitled to setoff/offset to the extent of worker's compensation benefits paid on its behalf to Plaintiff Jesse Stottlemyre, pursuant to K.S.A. § 44-504."[5]

Sunflower filed a motion for summary judgment on October 21, 2014.[6] In its motion, Sunflower argued two separate, but factually related, legal theories. Sunflower asserted that both theories are "based upon the fact that the plaintiff was an employee of the third party defendant, Piping & Equipment Co., Inc. (P & E)., and received workers compensation benefits for his injuries."[7] In the second theory, Sunflower argued that it is the statutory employer of the plaintiff and, therefore, immune from tort liability under the exclusive remedy rule. On October 28, 2014, Piping filed a motion for summary judgment, making the same argument.[8] Piping stated that Sunflower is plaintiff's statutory employer under K.S.A. § 44-503(a), and therefore, his claims are barred by the workers compensation exclusive remedy found at K.S.A. § 44-501b(d).[9]

In response to Sunflower's motion, plaintiff argued that the "statutory employer defense" was not listed in the affirmative defenses included in Sunflower's answer and

---

[5] ECF doc. 17 at ¶ 8.

[6] ECF doc. 97.

[7] ECF doc. 98 at 1.

[8] ECF doc. 99.

[9] ECF doc. 100 at 12.

thus, is not preserved.[10] Therefore, plaintiff asserted that Sunflower had waived that defense and was not entitled to summary judgment on that basis. Similarly, in response to Piping's motion for summary judgment, plaintiff argued that Piping cannot use the statutory employee defense because Sunflower failed to preserve it and it is therefore, waived.[11]

The undersigned held a pretrial conference with the parties on November 20, 2014.[12] During the pretrial conference, Sunflower and Piping sought to clarify Sunflower's assertion of the worker's compensation exclusive remedy defense to plaintiff's claims. The parties agreed that Sunflower and Piping could bring any motion to amend their responsive pleadings, with regard to the workers compensation exclusive remedy defense to plaintiff's claims, no later than December 8, 2014, and the court entered an order to that effect.[13] Consistent with that order, Sunflower and Piping both filed timely motions to amend and clarify their answers regarding the exclusive remedy defense on December 8, 2014. Plaintiff filed his response in opposition on December 15, 2014.

## II.  Analysis

---

[10] ECF doc. 103 at 14.

[11] ECF doc. 120 at 19.

[12] ECF doc. 115.

[13] ECF doc. 114.

O:\ORDERS\12-2443-CM-124.docx

4

In its proposed amended answer, Sunflower seeks to add language to its exclusive remedy affirmative defense. Specifically, Sunflower moves to add the following phrase (in bold), "By way of further affirmative defense, the defendant states that the plaintiff's cause of action is barred under the exclusive remedy rule **because it is the plaintiff's statutory employer under the Kansas Workers Compensation Act** and the principle set forth in *Herrell v. National Beef Packing Company et al,* Supreme Court Case #99,451."[14] Piping maintains that it and Sunflower's exclusive remedy defenses are already sufficient as written but in the event the court determines otherwise, Piping moves to include the affirmative defense of workers compensation exclusive remedy based on Sunflower's status as a statutory employer.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." When the deadline set in the scheduling order for amended pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) may also be implicated.[15] Thus, courts in the District of Kansas determine whether the Rule 16(b)(4) "good cause" standard has been established before proceeding to determine if the more

---

[14] ECF doc. 124-1 at ¶ 16.

[15] The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205, n. 4 (10th Cir. 2006)).

liberal Rule 15(a) standard has been satisfied.[16] In this case, the scheduling order set a deadline of February 15, 2013, for amending the pleadings.[17] Because Sunflower and Piping didn't file the instant motions until December 8, 2014, the court will follow this two-step approach in evaluating the proposed amendments.

**A.     Rule 16(b)(4)**

To establish good cause under Rule 16(b)(4), Sunflower and Piping must show that they could not have met the February 15, 2013 scheduling-order deadline for amending their answers even if they had acted with due diligence.[18] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[19] Furthermore, the lack of prejudice to the nonmovant does not show "good cause."[20]

In its motion to amend, Sunflower explains that it *already* raised the exclusive remedy affirmative defense in its original answer. Sunflower asserts that plaintiff did not file pleadings seeking clarification and did not seek clarification in his discovery requests. For the first time and in response to Sunflower's motion for summary

---

[16] *See, e.g., Five Rivers Ranch Cattle Feeding, LLC v. KLA Env't Servs., Inc.*, No. 08-2185, 2010 WL 2609426, at *2 (D. Kan. June 25, 2010); *Miller v. Union Pacific R.R.,* No. 06-2399, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008); *Lipari v. Bancorp, N.A.*, No. 07-2146, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008).

[17] *See* ECF doc. 25.

[18] *Miller*, 2008 WL 4271906, at *2.

[19] *Five Rivers*, 2010 WL 2609426, at *2 (internal quotation and citation omitted).

[20] *Lipari*, 2008 WL 2944909, at *2.

judgment, plaintiff alleged Sunflower's defense was insufficient because it did not explain that Sunflower is the statutory employer under the exclusive remedy rule.

Similarly, Piping explains that it and Sunflower *already* asserted the exclusive remedy defense. Now, they seek to clarify the assertion of this defense. Both parties maintain that their original answers, as pleaded, were sufficient to assert the defense of the workers compensation exclusive remedy by virtue of Sunflower's status as plaintiff's statutory employer. But, out of an abundance of caution, both parties move to amend their answers after plaintiff argued (for the first time) in response to the parties' motions for summary judgment that Sunflower had waived the "statutory employer defense."[21]

In response, plaintiff argues that Sunflower and Piping have failed to explain "how, after over two years of litigation, their failure to allege the statutory employee defense in their original answer is not a 'truly inordinate and unexplained delay.'"[22] Although plaintiff admits that Sunflower and Piping have defended this case from "the get-go on the basis that Plaintiff is Sunflower's statutory employee," plaintiff insists that this defense was not properly pleaded in their answers. Finally, plaintiff concludes that considerable time and expense could have been saved if the statutory employee defense was clearly alleged and this issue was brought to the court sooner.

---

[21] ECF doc. 103 at 14.

[22] ECF doc. 126 at 4.

Notably, plaintiff fails to explain *how* any time and expense could have been saved if the parties "properly [pleaded] that affirmative defense." Plaintiff admits that discovery has been taken on this defense since the beginning of the lawsuit and that Sunflower and Piping have defended this case on that basis from the beginning of the lawsuit. Sunflower and Piping's need to amend or clarify their answers is a result of plaintiff's claim that Sunflower's defense was not sufficiently pleaded and only recently discovered in plaintiff's opposition to their motions for summary judgment filed in November 2014.[23]

None of the parties specifically address whether the movants have shown good cause to file amended answers out of time under Rule 16(b)(4). Under the limited facts presented and the specific circumstances of this case, the court finds that Sunflower and Piping have shown good cause to amend their answers. Sunflower and Piping have demonstrated that they could not have met the scheduling-order deadline had they acted with due diligence.

### B.     Rule 15(a)(2)

Rule 15 dictates that the court "should freely give leave when justice so requires."[24] Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to freely give leave is a

---

[23] *See* ECF docs. 103 and 120.

[24] Fed. R. Civ. P. 15(a)(2).

"mandate … to be headed."[25]  "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[26]  Plaintiff argues that the proposed amendments are unduly delayed.

<u>Undue delay.</u>  When determining whether a party has "unduly delayed" in seeking amendment, the "[e]mphasis is on the adjective."[27]  "Lateness does not of itself justify the denial of an amendment."[28]  Rather, the Tenth Circuit has directed that the court's focus should be on "the reasons for the delay."[29]  The court may refuse leave to amend "when the party filing the motion has no adequate explanation for the delay."[30]

There is no question that Sunflower and Piping's amendment requests are delayed, but the undersigned does not find them unduly so.  Plaintiff filed this action on July 16, 2012.[31]  On September 18, 2012, Sunflower filed its answer and asserted that plaintiff's action was "barred under the exclusive remedy rule and the principle set forth in *Herrell*

---

[25] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[26] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[27] *Minter,* 451 F.3d at 1205.

[28] *Id.* (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[29] *Id.* at 1206.

[30] *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[31] ECF doc. 1.

*v. National Beef Packing Company et al.*"[32] Plaintiff admits that there has been discovery touching on the elements of the statutory employee defense since the beginning of this lawsuit.[33] It was not until November 2014, when plaintiff filed its responses to the motions for summary judgment, that Sunflower and Piping first learned that plaintiff believed the parties' assertion of the exclusive remedy defense was insufficient. Before that, plaintiff had never filed pleadings seeking clarification and did not seek clarification in his discovery requests. Accordingly, Sunflower and Piping promptly raised the issue at the pretrial conference. Shortly thereafter, Sunflower and Piping moved to amend their answers to clarify the already-asserted exclusive remedy defense by adding a short phrase explaining that Sunflower is the statutory employer of plaintiff under the Kansas Workers Compensation Act. Rule 15(a)'s "undue delay" analysis is similar to the "good cause" analysis under Rule 16(b).[34] In consideration of the foregoing and for substantially the same reasons that the court concluded that Sunflower and Piping have shown good cause, the court finds that the parties have not unduly delayed seeking amendment.

Prejudice. "Absent a finding of flagrant abuse, bad faith, or futility, the determining factor in evaluating a motion to amend should be the prejudice to the

---

[32] ECF doc. 8.

[33] *See* ECF doc. 126 at 3.

[34] *Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263, 2008 WL 2622895, at *4 (D. Kan. June 30, 2008) (citing *Minter*, 451 F.3d at 1205, n. 4).

opposing party."[35]  The party opposing the amendment has the burden to show some specific way in which it will be prejudiced.[36]  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[37]  This most often occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.[38]  Plaintiff has failed to address this factor let alone meet his burden to show that he will be unduly prejudiced if the court grants Sunflower and Piping leave to file amended answers.  Since plaintiff admits that discovery has already been taken on this issue and the parties have defended the lawsuit on this basis from the beginning, the court finds no specific way in which plaintiff will be prejudiced by the amendments, which simply clarify an affirmative defense already asserted in the original answers.

Futility.  "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal."[39]  In considering whether a proposed amendment is futile, the court

---

[35] *Steinert v. The Winn Group*, 190 F.R.D. 680, 683 (D. Kan. 2000) (citing *Phelps v. Hamilton*, 166 F.R.D. 489, 491 (D. Kan. 1996)).

[36] *Id.* (citing *Phelps*, 166 F.R.D. at 491).

[37] *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[38] *Id. See R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751-52 (10th Cir. 1975) (finding no prejudice when "[t]he amendments did not propose substantially different issues.").

[39] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[40] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended [pleading] as true and construing them in the light most favorable to the [movant], the court determines the [movant] can prove no set of facts in support of his claims that would entitle him to relief.[41] "The party opposing the proposed amendment bears the burden of establishing its futility."[42]

Plaintiff does not address this factor. Plaintiff simply reiterates the exact same argument made in his opposition to the motions for summary judgment—that as pleaded in their *original* answers, Sunflower and Piping have waived the "statutory employer defense" by failing to plead enough facts to support this defense or make it plausible. Plaintiff does not address futility as it relates to the parties' proposed amendments and thus, fails to meet his burden. The undersigned is allowing the amendments. A comprehensive legal analysis regarding the viability of this defense is deferred until a subsequent dispositive motion. That is a decision that—if any such motion is filed by defendants—will be made by the presiding U.S. District Judge, Carlos Murguia.

---

[40] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[41] *See Id.*; *see also Green v. Auto Pro of Okla. LLC*, 345 F. App'x 339, 342 (10th Cir. 2009) (discussing motion to dismiss standard).

[42] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

Accordingly, consistent with the long-standing policy that leave to amend should be freely given under the discovery rules contained in the Federal Rules of Civil Procedure, the court grants Sunflower and Piping's motions for leave to file amended answers **(ECF docs. 124 and 125)**. Sunflower and Piping shall file their amended answers by **December 23, 2014.**

IT IS SO ORDERED.

Dated December 18, 2014 at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge